10-3807-ag
Huang v. Holder

BIA
Balasquide, IJ
A098 975 216

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of November, two thousand eleven.

PRESENT:
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

DUANYING HUANG,
> *Petitioner,*

v.                                                  10-3807-ag
                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        WaiSim M. Cheung, Tsoi and
                       Associates, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Blair T. O'Connor,
                       Assistant Director; Ari Nazarov,
                       Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Duanying Huang, a native and citizen of the People's Republic of China, seeks review of an August 25, 2010, order of the BIA affirming the October 23, 2008, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Duanying Huang*, No. A098 975 216 (B.I.A. Aug. 25, 2010), *aff'g* No. A098 975 216 (Immig. Ct. N.Y. City Oct. 23, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Huang only challenges the agency's conclusion that she did not establish past persecution we address only the agency's adverse credibility

determination. Under the REAL ID Act, which applies in this case, the agency may, considering the totality of the circumstances, base a credibility finding on inconsistencies in an applicant's statements or between his or her statements and other evidence in the record, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F. 3d 162, 167 (2d Cir. 2008).

We agree with Huang that some of the IJ's inconsistency findings were flawed. The IJ erred in finding that Huang testified inconsistently regarding whether her intrauterine device ("IUD") was removed in her house or at the office of a private physician without presenting "specific, cogent reasons" for rejecting her translator's explanation that there was no inconsistency because Huang had used the word "home" to mean "hometown." *See Zhi Wei Pang v. Bureau of Citizenship & Immig. Servs.*, 448 F.3d 102, 108 (2d Cir. 2006). Moreover, contrary to the IJ's finding, there were no inconsistencies between Huang's testimony and her

supporting documents:  Her gynecological examination certificate, which indicated that the last exam she attended was on September 15, 2003, was consistent with her testimony that she did not go to any checkups after that date.  No evidence in the record indicated that her "floating population certificate" should mention her March 2004 forcible abortion because the certificate was issued in 2002 and had not been updated since being issued.  Huang's March 16, 2004, fine for a delayed gynecological checkup was not inconsistent with her testimony that her pregnancy was forcibly terminated on March 15, 2004; rather it corroborated Huang's testimony that she had missed checkups before the abortion.  And Huang's certificate for voluntarily agreeing to raise only one child, received in May 2003, was not inconsistent with her testimony that she later had a second pregnancy.

However, despite these flaws the agency's adverse credibility determination was supported by substantial evidence and remand is not necessary because "we can state with confidence that the [agency] would adhere to [its] decision were the petition remanded." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 161 (2d Cir. 2006).  As

4

Huang concedes, she gave inconsistent testimony regarding whether she had a single IUD between 1998 and 2006 and the IJ was not required to accept her explanation that she was confused. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). Further, as the BIA found, Huang's credibility was undermined by "the discrepancy between [her] claim that she received an abortion certificate following her forced abortion and [a State Department Country Report stating] United States authorities are unaware of any so-called abortion certificates and that the only document that might resemble such a certificate . . . is a document issued by hospitals upon a patient's request after a voluntary abortion." *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 263 (2d Cir. 2007) (finding no error in adverse credibility determination based in part on alien's presentation of an abortion certificate).

Huang argues that she was deprived of due process by the BIA's reliance on that State Department report which was not in the record. However, while it "would have been preferable for the BIA to have advised [Huang] of its intent to consider the [report] and to have afforded [her] an opportunity to respond thereto," its failure to do so did

not result in a violation of due process requiring remand because the report was not the sole basis for the agency's credibility determination, but confirmed the agency's disposition of the case. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 167-68 (2d Cir. 2008). Moreover, Huang has not indicated any basis for refuting the significance of the report if her case were remanded.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk